NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 15-2839
_____

UNITED STATES OF AMERICA

v.

PATRICK ROBINSON,
                              Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 2-15-cr-00054-001)
District Judge:  Honorable Maurice B. Cohill, Jr.

Submitted Under Third Circuit L.A.R. 34.1(a)
April 13, 2016

BEFORE:  SMITH, HARDIMAN, and NYGAARD, *Circuit Judges*

(Filed: April 14, 2016)

_____

OPINION*
_____

NYGAARD, *Circuit Judge.*

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Appellant Patrick Robinson was indicted by a federal grand jury for violating 18 U.S.C. § 751(a) by absconding from his sentence of home confinement. Robinson had pleaded guilty in the United States District Court for the Northern District of West Virginia to violations of the federal Controlled Substances Act (21 U.S.C. § 801 et seq.). He was sentenced to 105 months imprisonment. In June of 2014, Robinson was transferred to the Renewal Center, a half-way house located in Pittsburgh, Pennsylvania. Later, Robinson was placed on home confinement. However, with just two weeks remaining in his term of home confinement, Robinson went missing. After remaining at large for two months, a federal fugitive task force apprehended Robinson in Alabama. Some time thereafter, Robinson was returned to Pittsburgh.

At sentencing for his escape, Robinson argued to the District Court that he deserved a sentence of time-served. The Government objected, arguing that home confinement was an integral component of Robinson's sentence and he should serve further time in prison in order to deter others from viewing home confinement as some lesser degree of punishment. The District Court considered but denied Robinson's request and sentenced him to a 12-month term of imprisonment.

On appeal Robinson claims that this sentence is procedurally and substantively unreasonable. We review both the procedural and the substantive reasonableness of a district court's sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). Therefore, we must "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the

2

Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall*, 552 U.S. at 51. If the sentence is procedurally sound, we then consider if it is substantively reasonable given "the totality of the circumstances." *Id*.

Prior to the conclusion of the sentencing hearing, Robinson's counsel objected to the 12-month sentence as greater than necessary. The District Court noted the objection and overruled it. Robinson tells us that the District Court's "single word response ("Overruled") was procedural error. This argument, based on the parsimony provision of § 3553, is meritless. While the parsimony provision requires a sentence to be "sufficient, but not greater than necessary" to comply with the sentencing directives set out in 18 U.S.C. § 3553(a), we have specifically held that a sentencing court does not have "to state that the sentence imposed is the minimum sentence necessary to achieve the purposes set out forth in § 3553(a)(2)." *United States v. Dragon*, 471 F.3d 501, 506 (3d Cir. 2006). That the District Court simply responded by overruling Robinson's request with a single word—and without further discourse—was not procedural error.

Robinson next claims that his 12-month sentence was substantively unreasonable. Given the absence of procedural error, we "give due deference to the district court's determination that the 3553(a) factors, on a whole, justify the sentence." *Tomko*, 562 F.3d at 568 (internal quotation marks omitted). Robinson's sentence is substantively reasonable. The District Court noted its reasons for such a sentence, which included Robinson's criminal record and the need for deterrence. Therefore, Robinson's sentence is not one we can say that "no reasonable sentencing court would have imposed . . . on

3

that particular defendant for the reasons the district court provided." *Tomko*, 562 F.3d at 568.

Because Robinson's 12-month sentence was procedurally and substantively reasonable, and we will affirm his sentence.